**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *William Boone, on behalf of the estate of Charles Toomer v. Monsanto Company, 3:20-cv-07884-VC* | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** <br><br> **Hearing:** <br> Date:   June 22, 2023 <br> Time:   1:00 p.m. <br> Place:   Courtroom 4 (Via Zoom) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 22, 2023 at 1:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 5D Plaintiff William Boone ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiff, and Monsanto is entitled to summary judgment.

Dated: May 11, 2023                        Respectfully submitted,

                                           /s/ Jed P. White
                                           Jed P. White
                                           Attorney for Defendant Monsanto Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff William Boone ("Plaintiff") brings this case on behalf of the estate of Charles Toomer. To prevail on any of his claims, Plaintiff must prove that Roundup was the proximate cause of Charles Toomer's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Charles Toomer's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff failed to disclose any expert reports regarding specific causation, which were due March 29, 2023. Without expert testimony to prove specific causation, none of Plaintiff's claims may proceed.

**BACKGROUND**

Plaintiff is a resident of Louisiana who alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused Charles Toomer to develop multiple myeloma.[1] *See* Complaint. ECF 1, ¶¶ 8, 121-23. Plaintiff seeks to hold Monsanto responsible for Charles Toomer's multiple myeloma, asserting four causes of action. The lynchpin of Plaintiff's complaint is that glyphosate—the active-ingredient in Roundup—caused Charles Toomer's multiple myeloma's. *See id*. at ¶¶ 8, 121-23.

On November 3, 2022, this MDL Court required all Wave 5D plaintiffs, including Plaintiff in this case, to submit expert reports no later than March 29, 2023, 2023. *See* Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases

---

[1] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig*., 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Here, Louisiana is the transferor forum. Under Louisiana law, if a conflict of law exists, "the law of the state with a greater interest in the case will usually apply to substantive issues." *Henry v. Maxum Indemnity Co.*, No. 20-2995-JVM c/w 20-2997-WBV-JVM c/w 20-2998-WBV-JVM, 2022 WL 815275, at *5 (E.D. La. Mar. 17, 2022). Plaintiff's Complaint alleges that he allegedly exposed to Roundup in Louisiana. (ECF 1, ¶¶ 121-22). However, the Court does not need to decide whether Louisiana or California law applies because under both Louisiana and California law (cited herein), expert testimony is required to establish specific causation in this case.

and Adding Wave 7 Schedule ("Scheduling Order") (MDL ECF #15506). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff did not submit an expert report regarding specific causation by the March 29, 2023 deadline.[2] Specifically, Plaintiff has not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Charles Toomer's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

///
///
///

---

[2]   Furthermore, because Charles Toomer's alleged harm is multiple myeloma, and Plaintiff's general cause experts have not opined on multiple myeloma, Plaintiff also lacks expert testimony regarding general causation.

# ARGUMENT

## I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.

Under California and Louisiana law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation"); *Jenkins v. Arbors on Lake Apartments*, 2021-01662 (La. 3/22/22), 334 So. 3d 746, 749 ("expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge"); *Collett v. Weyerhaeuser Co.*, 512 F. Supp. 3d 665, 671 (E.D. La. 2021) ("When the allegations in a lawsuit involve claims of injuries resulting from chemical exposure, expert medical testimony is required to prove causation"); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiff alleges that Charles Toomer was diagnosed with multiple myeloma, which he claims was caused by his exposure to Roundup. *See* Compl. ¶¶ 121-23. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. (citation and internal quotation marks omitted). Thus, the causal link between Charles Toomer's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiff's deadline to disclose expert reports was March 29, 2023. *See* Scheduling Order. To date, Plaintiff has not disclosed a single expert witness or report regarding specific causation. Plaintiff had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court recently granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of Plaintiff's failure to disclose any expert on the issue of specific causation, he cannot prove causation—an essential element of all his claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiff's claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence

claims, and [thus] nonsuit was proper"); *Jenkins*, 334 So. 3d at 750 (because the plaintiff's sole "medical expert . . . admitted she was unable to say that it was more probable than not that plaintiff's injuries were caused by the fall[,] . . . we conclude [the] defendants satisfied their burden of showing an absence of factual support for an essential element of plaintiff's claim"); *Howell v. BP Exploration & Prod., Inc.*, No. 17-3287, 2023 WL 1778933, at *3 (E.D. La. Feb. 6, 2023) (granting summary judgment where plaintiff failed to "point[] to any admissible expert opinions on either general or specific causation" and therefore was "unable to sustain her burden on causation"); *Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated: May 11, 2023                    Respectfully submitted,

                                       */s/ Jed P. White*
                                       Jed P. White
                                       Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ Jed P. White
Jed P. White